FILED - GR
October 16, 2026 11:48 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:ARR SCANNED BY: AR / 10.16

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

Demario Dontrell Williams #50309597

(Enter above the full name of the plaintiff(s), including prisoner number, in this action. If you cannot list all plaintiffs in the space provided, please write "see attached" and list all names on an additional page.)

1:26-cv-2966
Ray Kent
U.S. Magistrate Judge

v.

Jason EnGram
Arthur J. Cotter
Amy Byrd

(Enter above the full name of the defendant(s) in this action. If you cannot list all defendants in the space provided, please write "see attached" and list all names on an additional page.)

## COMPLAINT

*(Print Clearly)*

I. **Previous Lawsuits**

**CAUTION:** The Prison Litigation Reform Act has resulted in substantial changes in the ability of incarcerated individuals to initiate lawsuits in federal courts without prepayment of the civil action filing fee. Accurate and complete responses are required concerning your litigation history. Generally, a plaintiff's failure to accurately and completely answer the questions set forth below will result in denial of the privilege of proceeding *in forma pauperis* and require you to pay the entire $405.00 filing fee regardless of whether your complaint is dismissed.

A. Have you ever filed a lawsuit while incarcerated or detained in any prison or jail facility? Yes ☐ No ☒

B. If your answer to question A was yes, for each lawsuit you have filed you must answer questions 1 through 5 below. Attach additional sheets as necessary to answer questions 1 through 5 below with regard to each lawsuit.

1. Identify the court in which the lawsuit was filed. If it was a state court, identify the county in which the suit was filed. If the lawsuit was filed in federal court, identify the district within which the lawsuit was filed.

   ______________________________

2. Is the action still pending? Yes ☐ No ☐

   a. If your answer was no, state precisely how the action was resolved: ______________________________

3. Did you appeal the decision? Yes ☐ No ☐

4. Is the appeal still pending? Yes ☐ No ☐

   a. If not pending, what was the decision on appeal? ______________________________

5. Was the previous lawsuit based upon the same or similar facts asserted in this lawsuit? Yes ☐ No ☐

   a. If so, explain: ______________________________

## II. Parties

A. Plaintiff(s)

Enter your name, place of confinement, address, and place of confinement during the events described in the complaint in the blanks below. Provide the same information for any additional plaintiffs. Attach extra sheets as necessary.

Name of Plaintiff Demario Dontrell Williams

Place of Present Confinement Berrien County Jail

Address 919 Port street St. Joseph Michigan 49085

Place of Confinement During Events Described in Complaint Berrien County Jail

B. Defendant(s)

Complete the information requested below for each defendant in this action, including whether you are suing each defendant in an official and/or personal capacity. Provide the same information for each additional defendant. If there are more than six defendants attach extra sheets as necessary.

Name of Defendant #1 Jason EnGram

Position or Title Indigent defense counsel

Place of Employment Public Defenders contract lawyer

Address 515 Ship street, #208. St. Joseph Michigan 49085

Official and/or personal capacity? Official and Personal

Name of Defendant #2 Arthur J. Cotter

Position or Title Judge

Place of Employment Berrien County Court House

Address 811 Port street, St. Joseph, Michigan 49085

Official and/or personal capacity? Personal

Name of Defendant #3 Amy Byrd

Position or Title District Attorney

Place of Employment Berrien County Court House

Address 811 Port street, St. Joseph, Michigan 49085

Official and/or personal capacity? Personal

Name of Defendant #4 ______

Position or Title ______

Place of Employment ______

Address ______

Official and/or personal capacity? ______

Name of Defendant #5 ______

Position or Title ______

Place of Employment ______

Address ______

Official and/or personal capacity? ______

III. **Statement of Claim**

State here the **facts** of your case. Describe how each defendant is personally involved. Include also the names of other persons involved, dates and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. **Do not include unrelated claims.** Use as much space as you need. Attach extra sheets if necessary.

On December 5th, 2025 Attorney Jason EnGram was my attorney during a proceeding that was supposed to be a pre-exam followed by an exam on December 11th, 2025. Jason EnGram asked me to sign a sheet of paper. I told him, "no because I don't want to sign any 21 day waiver, at which he responded that it was not a 21 day waiver. Jason EnGram told me that if I sign it, my signature would be my consent to have the exam moved to an unspecified date of the following week. EnGram said he wanted to use the week of the exam to come visit me and go over the facts of the case and see if anything could help us with the exam. EnGram assured me that I was not signing a 21 day waiver. I signed the paper on account of his word as my attorney, the person who wants to free me. I Knew something was wrong, because EnGram never came to see me that week and I never got a court date until I got a letter after the new year. I asked EnGram on two of the few visits I got from him, what did he really have me sign the paper for? His last response was, "the Judge would have found a way to do it anyway." He never said what "it," was? I had to find out his intentional misfeasance through the attorney grievance commission.

In his testimonial reply to attorney grievance commission, EnGram says I Knowingly signed the 21 day waiver on the record in order to negotiate a plea deal with the prosecutor. I agreed on record to what EnGram promised me off record. The Judge Arthur J. Cotter is on record saying the exam will be before christmas which was in line with what EnGram was saying, [redacted] off the record, so I thought EnGram was being honest about his intention all the more. I never signed anything to negotiate a plea deal. EnGram even says in his letter to the grievance commission, that I got upset whenever he mentioned a plea deal to me, so why would I waive my rights for something I'm not interested in? Because of EnGram's professional misconduct I was subject to otherwise avoidable court delays, had I not signed, out of trust for counsel. The new date that was set for the exam; was 01-15-2026 which was moved to 01-23-2026, which was then moved to 02-17-2026. All allegedly due to weather.


continued

I personally hold EnGram liable no matter the cause for delay. Had not EnGram been dishonest and deceitful, in order to aid the prosecutor, Amy Byrd, I would never have signed the paper and my exam would've been held on the 11th of December. EnGram even says in his statement to, attorney grievance commission, that Amy Byrd wanted it signed to give her time to writ the plaintiff from M.D.O.C. I Knew nothing about that. I definitely would not have signed it to help her. I could probably been free and the issue is that the person who made sure I wasn't is my defense. EnGram filed a motion to quash on 04-02-26 I found that odd because I didn't request it? On 05-04-26 the day of the motion hearing, despite being timely served Amy Byrd said she questioned whether the motion was filed timely so Judge Angela Pasula reset the motion for 06-10-26 and in doing so vacated my trial which was set for [redacted] 11+12+13+14+15 of May, 2026. EnGram was forced to remove himself from my case on June, 10th, 2026 due to grievances I filed


continued

because of his ineffective counsel. EnGram failed to provide me all evidence I requested except for some photos and the exam transcript, although he admitted to having the rest. This is another subject he lied about in his answer to attorney grievance commission. We were less than two weeks from trial and he hadn't delivered most of what I requested. That is why I believe he put the motion to quash in! An excuse for him and Amy Byrd to vacate my trial, because they were not prepared. I suffer emotional distress from being locked up for eighteen months, with two hundred ninety nine without sun light or fresh air. I suffer from respiratory issues due to the prolonged exposure to recycled air in this jail and am required to use an inhaler, which I never had to use in my life. (Judge Arthur J. Cotter attributed my illness to smoking which is funny because I don't smoke!) I suffer severe anxiety that has worsened due to prolonged incarceration. Fear of impending doom and being placed in a small space, "eventually," that will trigger my cluastrophobia. I may suffer a mental panic breakdown, that happens


continued

to me every once in a while. Due to the actions of Jason EnGram, my chance of a mental break in jail has gone up. That puts me at risk of being hurt by Deputy officials. My grief is this; I would not be in jail deteriorating emotionally and mentally, had my trial not been vacated in May. Even sooner had my lawyer not been dishonest and deceitful on December, 05 of 2025. I find it odd that he would do such a thing, then file a motion to quash as if he really wanted the charges quashed? (But he sounded doubtful that it was even possible to quash, in his answer to attorney grievance commission!) It's copies of all my grievance on file with the attorney grievance commission from 04-10 to 09-08-26. I have involuntarily developed trust issues that make it impossible to work with an attorney who is appointed by Public Defenders office, or Berrien County. I'm emotionally distraught to the point I lost hope for freedom because of EnGram. The motion to quash was pushed back four times, then canceled abruptly on 09-17-26 without me present? I now have a case conference on 12-14 that I already had in March.


continued

In March 2026

I asked Jason EnGram, to file a motion for bond reduction, (which was the only motion I requested) when he came to show only a small portion of the video evidence. He complained about having it filed at my request, until I threatened to write Judge Cotter, which I eventually did anyway. I would ultimately end up writing Cotter, and chief Public Defender Scott Sanford, about EnGram's ineffective assistance of counsel, for a number of reasons. I received a response from EnGram [redacted] saying Cotter gave in the letter and that I could not fire him but I could represent myself and I would have to decide that at the bond hearing, on 04-20-26. I would receive a letter from Sanford saying the same as EnGram. I wrote Cotter about my reason for bond reduction, as a concern for my health issue and attributed it to my prolonged incarceration. During the bond hearing and a complete disregard to my letter, Judge Cotter said he had a letter from the Doctor, saying my health issue was caused by smoking. The thing with that is, I don't smoke! Cotter had denied my bond reduction do to this reason,


continued

and seemed more concerned about asking if I wanted to fire Jason EnGram, to leave me to represent myself. I, being aware of what was going on, said no on record. I realized that day, Judge Cotter had been a part of EnGram's misconduct. For example: in the December, 5th incident, Cotter seemed to be aware that I was deceived despite not being present when me and EnGram talked, because Cotter makes it a point to say the exam will be before Christmas. That was said on record. I confronted the Doctor, who's name is Erica, about the letter that Cotter claimed to have received and she told me that Judge cotter was being untruthful because no Doctor can provide any information about me to anyone and that includes the Judge. I have trouble sleeping because I have respiratory issues that I believe is caused by the air quality and Judge Cotter denied me bond reduction on basis of a lie. Another reason I wanted my bond lower is that I Knew if I didn't bond out, I would be in jail many more months because of Jason EnGram's actions. Well, here I am many months later! I have been to the Doctor a few times because the inhaler I was prescribed doesn't help. Sometimes I have to use it and lie to myself that it helps, just to Keep from panicking. My emotional health, mental Health and physical health have been subject to injury because of Jason EnGram and Arthur J. Cotter, as well as Amy Byrd.

Prosecutor Amy Byrd didn't Know the plaintiff was in prison until the last minute, so she relied on EnGram to deceive me in order to give her time to writ the plaintiff back for an exam. EnGram's story to me was to visit me that week and go over facts that would help in the exam. His story to the attorney grievance commission, (which is one of many lies) was that I Knowingly signed a 21 day waiver in order to negotiate a plea deal. The only true element here is that Amy Byrd wanted it signed and it was to her benefit. On 02-11-2026 during another pre-exam she bragged about the "writ," which she did not do in the first pre-exam in December. In february, Amy says on record that she is going to writ the victim, for the first time. Why didn't she say or do that in the month of December? Because the "writ," is a process. They Knew I would not have participated in any thing concerning a plea or 21 day waiver. Jason Engram assisted the opposing party and used dishonesty and deceit for the benefit of another. This civil conspiracy has led to a domino effect of inconveniences that has deprived me of civil rights, liberty and procedural due process. A civil conspiracy is what it is. I have confronted EnGram and Cotter about the issue only to be taken for a joke.

IV. **Relief**

State briefly and precisely what you want the court to do for you.

I am seeking monetary relief from Jason EnGram starting from December 05th 2025. I seek prospective injunctive relief from Arthur J. Cotter and Amy Byrd as co-conspirators with EnGram as a direct injury to my civil rights. For civil conspiracy and due process injury.

V. **Notice to Plaintiff Regarding Consent**

In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, you are hereby notified that the United States magistrate judges of this district court may, upon your consent, conduct any or all proceedings in this case, including a jury trial and entry of a final judgment. If you consent, any appeal from a judgment entered by a magistrate judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court.

Magistrate judges have greater flexibility in their schedules than district judges, who have heavy criminal caseloads that take priority over civil trials. Accordingly, the magistrate judges are generally able to schedule prisoner civil rights cases for jury trial much sooner, and they are able to provide firm trial dates. Magistrate judges are experienced trial judges who handle a great number of prisoner civil rights cases.

Your decision to consent to the dispositive jurisdiction of a United States magistrate is entirely voluntary. If you do not consent to a magistrate judge, the case will be randomly assigned to a district judge. The magistrate judge already assigned to this case would continue to decide all pretrial matters and would handle all dispositive motions by report and recommendation.

Please check **ONE** box below to indicate whether you voluntarily consent to proceed with a United States magistrate judge or if you would instead prefer that the case be assigned to a district judge.

☒ I hereby voluntarily consent to the United States magistrate judge conducting all proceedings in this case, including entry of a final judgment and all post-judgment matters.

☐ I request that this case be assigned to a district judge.

10-12-2026
Date

Demario Williams
Signature of Plaintiff

**NOTICE TO PLAINTIFF(S)**

The failure of a *pro se* litigant to keep the court apprised of an address change may be considered cause for dismissal.

Demario D. Williams
Berrien County Jail
919 Port Street
St. Joseph, MI 49085

1776 ★ 2026 USA FOREVER
1776 ★ 2026 USA FOREVER
1776 ★ 2026 USA FOREVER
1776 ★ 2026 USA FOREVER

To: U.S. District Court
399 Federal Building
110 Michigan St., NW
Grand Rapids, MI 49503